RENDERED: SEPTEMBER 11, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2019-CA-001850-MR

CHRIS DOUGLAS HAWKINS                               APPELLANT

v.                APPEAL FROM LYON CIRCUIT COURT
                  HONORABLE C.A. WOODALL, III, JUDGE
                  ACTION NO. 19-CI-00089

DEEDRA HART, WARDEN                                 APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: KRAMER, LAMBERT, AND TAYLOR, JUDGES.

LAMBERT, JUDGE: Chris Douglas Hawkins, proceeding *pro se*, has appealed

from the Lyon Circuit Court's order dismissing his declaration of rights petition

related to prison disciplinary actions against him that resulted in the loss of good

time credit. We affirm.

Hawkins is an inmate at Kentucky State Penitentiary (KSP), and this appeal concerns two prison disciplinary actions, one in May and the other in June 2019. The first incident (Discipline Report (DR) No. KSP-2019-01504) had to do with a letter Hawkins wrote to Heather Pierce, an inmate at another facility. Kentucky Correctional Institution for Women (KCIW) Internal Affairs Captain Rebecca Denham rejected the letter sent to Pierce and turned the letter over to KSP Internal Affairs Officer Derek Roberts. In the letter, Hawkins "writes a conversation and conspires of having Inmate Pierce to have sexual relationships with under age children [and] also has a questionnaire he wrote for Inmate Pierce to answer in which one question was asked if she would stare at under age children at a nudist beach."

Sergeant Lauren Hawkins investigated the report and spoke with the two officers involved. Captain Denham said that the letter had been rejected due to content in that child pornography was discussed. Sergeant Hawkins read the letter in the evidence room. She also read the report to Hawkins, who responded, "Ms. Hawkins, you know me (Which I do not), you know that I'm not doing sick shit like that." Hawkins explained that he had asked Pierce the questions because he wanted to make sure she would not want to stare at underage children at a nudist beach if he were to take her to one. Hawkins disputed the charge against him and

-2-

indicated that he wanted to call Pierce and Officer Roberts to question them at the hearing.

As a result of this report, Hawkins was charged with the possession, creation, or distribution of child pornography pursuant to Kentucky Department of Corrections Policies and Procedures (CPP) 15.2, Category 6-16. A hearing before the adjustment committee was held, during which Hawkins stated that he had been trying to help Pierce and was asking her questions to do this. He denied that there was any child pornography or writing in the letter. However, he was found guilty, and his penalty was 30 days in disciplinary segregation and the forfeiture of 180 good time days.

Hawkins appealed the decision to KSP Warden DeEdra Hart, arguing that his due process rights had been violated because he was not given the opportunity to call any witnesses, he was not given advanced notice of the charges against him, he was not permitted to present exculpatory evidence at the hearing, and he had not been given a copy of the evidence against him 24 hours prior to the hearing. He stated that the documents used as evidence were related to Pierce's post-conviction case that he had been working on for her. Warden Hart denied his appeal, finding sufficient evidence to support the adjustment committee's decision and that his "due process requirements have been protected, the disciplinary

violation to be fairly processed in accordance with CPP 15.6 and no justification of [his] appeal to alter the Committee's decision."

The second disciplinary action (DR No. KSP-2019-01668) involved an incident with pages being removed from a book in the prison library. While Hawkins maintained that the book was torn when he received it, Jewell Humphries reported that he saw Hawkins tear pages out of the library book and place the pages in a blue folder. Humphries searched the folder and found two pages containing photos of naked children that had been taken from a book about the Vietnam War. Sergeant Jason Denny investigated the report and interviewed Hawkins. Hawkins told him, "I did tear the pages out of the book but it wasn't because the pictures were naked children, they were pictures of children that had been napalmed during Vietnam." He also interviewed Humphries, who confirmed his earlier statements. Sergeant Denny confirmed that Hawkins had been in the library at the time of the incident, but he could not verify this via camera because camera access was restricted to 3 Cell House RHU.

As a result of this report, Hawkins was charged with the possession, creation, or distributing of child pornography pursuant to CPP 15.2, Category 6-16. He pled not guilty and requested a hearing before the adjustment committee. He was found guilty and received a penalty of 30 days in disciplinary segregation, the forfeiture of 180 good time days, and ordered to pay restitution in the amount of

$12.97. Hawkins appealed the matter to Warden Hart, raising issues as to his request for the KSP security video footage, the members of the adjustment committee who decided his case, and his lack of guilt. Warden Hart again affirmed the decision of the adjustment committee, finding that his due process rights had been protected and that his disciplinary violation had been fairly processed.

Hawkins filed a petition for declaratory judgment pursuant to Kentucky Revised Statutes (KRS) 418.040 with the Lyon Circuit Court, in which he alleged that his federal and state constitutional due process rights had been violated in the disciplinary proceedings. Warden Hart moved to dismiss Hawkins' petition pursuant to Kentucky Rules of Civil Procedure (CR) 12.02(f) for failure to state a claim upon which relief could be granted. She asserted that Hawkins' due process rights had not been violated and that there was some evidence to support the findings of the adjustment committee in both cases. Hawkins objected to the motion to dismiss. In addition, Hawkins filed a motion seeking a temporary restraining order or preliminary injunction to seek the return of his legal materials from KSP officials and to prevent them from hindering his access to the courts.

The circuit court entered an order of dismissal on October 21, 2019, finding that Hawkins had failed to demonstrate a due process violation. The court also denied Hawkins' request for a restraining order or injunction as he had not

established that his rights were being or would be violated by an adverse party pursuant to CR 65.04 and because such relief was not appropriate in a declaration of rights proceeding. This appeal now follows.

In *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975, 41 L. Ed. 2d 935 (1974), the United States Supreme Court stated, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Citing *Wolff*, the Supreme Court in *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 2773, 86 L. Ed. 2d 356 (1985), held:

> Where a prison disciplinary hearing may result in the loss of good time credits, *Wolff* held that the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

(Citation omitted.) Also citing *Wolff*, the Supreme Court of Kentucky recently held:

> Accordingly, an inmate facing disciplinary proceedings must be given: a hearing before any deprivation of property occurs; advance notice of the claimed violation; an opportunity to call witnesses and present documentary evidence "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; and a written statement by the factfinder detailing

-6-

the evidence relied on and the reasons for disciplinary action.

*Ramirez v. Nietzel*, 424 S.W.3d 911, 916 (Ky. 2014) (footnote omitted).  In addition, the *Wolff* Court mandates impartial fact-finders.  418 U.S. at 564-65, 570-71, 94 S. Ct. at 2979, 2982.

"Courts reviewing inmate disciplinary proceedings are to apply a very deferential standard of review."  *Mobley v. Payne*, 484 S.W.3d 746, 750 (Ky. App. 2016).  The *Hill* Court held "that revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record."  *Hill*, 472 U.S. at 454, 105 S. Ct. at 2773 (internal quotation marks and citation omitted).  In determining the existence of "some evidence," the Court stated, "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Id.*, 472 U.S. at 455-56, 105 S. Ct. at 2774 (citations omitted).  *See also Smith v. O'Dea*, 939 S.W.2d 353 (Ky. App. 1997) (adopting the holding in *Hill*).  Even "meager" evidence has been found to meet this burden.  *Hill*, 472 U.S. at 457, 105 S.Ct. at 2775; *Ramirez*, 424 S.W.3d at 917.

In *Smith v. O'Dea*, *supra*, this Court explained the process of review for prison disciplinary actions and specifically stated that the summary judgment standard applies:

> [W]e believe summary judgment for the Corrections Department is proper if and only if the inmate's petition and any supporting materials, construed in light of the entire agency record (including, if submitted, administrators' affidavits describing the context of their acts or decisions), [do] not raise specific, genuine issues of material fact sufficient to overcome the presumption of agency propriety, and the Department is entitled to judgment as a matter of law. The court must be sensitive to the possibility of prison abuses and not dismiss legitimate petitions merely because of unskilled presentations.

*O'Dea*, 939 S.W.2d at 356 (citation omitted).

As to the first disciplinary action regarding the letter and questionnaire sent to an inmate at another facility, we agree with Warden Hart that Hawkins received sufficient due process during the proceedings and that some evidence supported the conviction. Hawkins received advanced written notice through the Disciplinary Report Form Part I, in which Sergeant Hawkins indicated that Hawkins would be provided with a copy of the form through institutional mail. This also informed him of his right to call witness and his right to legal aid. And it memorialized that Hawkins had not waived his right to 24 hours' notice before the hearing, that he entered a not guilty plea, and that he had not waived his presence at the hearing. Hawkins sought to call Officer Roberts and Pierce to testify during

-8-

the hearing. However, Pierce was an inmate at another facility, and Officer Roberts had recorded his statement in the report. Finally, Hawkins received a written statement of the evidence relied upon by the fact-finder as well as the reasons for the disciplinary action. We note that Hawkins never disputed that he had sent the letter and the questionnaire, which referenced children who were naked. Rather, he sought to explain that he was trying to help Pierce by sending the documents. Based upon the evidence presented, the "some evidence" standard was met to establish Hawkins had violated CPP 15.2, Category 6-16's prohibition against creating or distributing any writing of which child pornography is the subject. Therefore, we find that the circuit court properly dismissed Hawkins' claim related to this disciplinary action.

As to the second disciplinary action, we also hold that Hawkins' due process rights were not violated and that some evidence supported the conviction. He again received advanced notice of the charges based upon the notations on the Disciplinary Report Form Part I, he did not name any witnesses he wished to call, and the fact-finder provided a written statement of the facts relied upon. The adjustment committee noted Hawkins' claim that he had not torn the page out of the book, but it found more support for the results of Sergeant Denny's investigation. And while the photographs were from a book about the Vietnam War, the photographs on the removed pages were of naked children, which is

enough to support the charges against Hawkins. We also find no merit in Hawkins' arguments related to the lack of the video footage from when he was in the library based upon Sergeant Denny's statement that camera access was restricted to another area or the make-up of the adjustment committee. Therefore, we also hold that the circuit court properly dismissed Hawkins' claim related to the second disciplinary action.

Finally, we find no merit in Hawkins' request for a temporary restraining order for the reasons expressed by the circuit court in its order of dismissal. His complaints about prison staff in relation to his legal materials and supplies have no place in this appeal or in the declaratory judgment action below.

For the foregoing reasons, the order of the Lyon Circuit Court dismissing Hawkins' petition for declaration of rights is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Chris Douglas Hawkins, *pro se*
Eddyville, Kentucky

BRIEF FOR APPELLEE:

Richard D. Lilly
Frankfort, Kentucky